**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

YU-FEN LIU,

                Plaintiff,

                v.

TUFTS MEDICAL CENTER, INC.
ET AL

                Defendants.

No. 25-cv-10252-DLC

**MEMORANDUM AND ORDER**
**ON DEFENDANTS' MOTION TO DISMISS**

CABELL, U.S.M.J.

## I.    Introduction

Plaintiff Yu-Fen Liu contends that Tufts Medical Center, Inc. ("Tufts") and several of its medical and security personnel (collectively, "the defendants") violated her rights during the course of treatment she sought there in November 2019.  (D. 1). Tufts moved on behalf of all defendants to dismiss Liu's initial complaint on the grounds that her claims are barred under the doctrine of res judicata, are not viable, and are time barred. (D. 6).  While the motion was under consideration, Liu filed a motion for leave to file an amended complaint.  (D. 14).  Tufts in response has moved to strike the proposed amended complaint as futile or in the alternative to dismiss it for the same reasons stated in its motion to dismiss the initial complaint.  (D. 18). For the reasons explained below, the court finds that both

complaints are or would be subject to dismissal for lack of subject matter jurisdiction and on other grounds.  The court will therefore allow the motion to dismiss and deny the motion for leave to amend.

## II.  Relevant Background

On November 24 and 25, 2019, Liu was treated at Tufts' emergency department for chest pain and a rash.  Based on the treatment she received during that visit, she filed a medical malpractice claim against Tufts and Dr. Leah I. Kaplan on March 4, 2022, in the Middlesex Superior Court, seeking a little under ten million dollars in damages.  (D. 7-1).  The superior court subsequently dismissed the case with prejudice for failure to prosecute because the plaintiff failed to post a $6,000 bond pursuant to M.G.L. c. 231, § 60B.[1]  (D. 7-4).  A dismissal for failure to prosecutes operates as an adjudication on the merits. *See* Mass. R. Civ. P. 41(b); Fed. R. Civ. P. 41(b).

Liu did not appeal the superior court's dismissal.  Rather, on November 22, 2022, she initiated another lawsuit in the Middlesex Superior Court.  Like the first matter, the complaint was based on the plaintiff's November 2019 visit and named Tufts

---

[1] Under section 60B, a medical malpractice claim must initially be referred to a three-person state tribunal consisting of a superior court justice, a licensed physician, and an attorney.  The tribunal will then ideally convene a hearing within 15 days after the defendants' answer has been pled to hear evidence and determine if the evidence is sufficient to raise a legitimate question of liability.  If the tribunal concludes the evidence is not sufficient, the plaintiff must post a $6,000 bond to continue with her claim or else face dismissal of the action.  *See* M.G.L. c. 231, § 60B; *McCusker v. United States*, 706 F. Supp. 3d 175 178 (D. Mass. 2023).

and Dr. Kaplan as defendants, but it also named several other Tufts medical and security personnel.  The complaint asserted claims for medical fraud, assault, false imprisonment, battery, negligence, and violation of her civil rights.  (D. 7-5).

On June 21, 2023, the superior court found that the plaintiff's claims were barred because of the prior state court action and dismissed the claims with prejudice.  (D. 7-7).  The plaintiff appealed the dismissal to the Massachusetts Appeals Court ("MAC"), which affirmed the dismissal on June 6, 2024.  (D. 7-9).  The plaintiff then appealed to the Massachusetts Supreme Judicial Court ("SJC"), which affirmed the MAC's dismissal and denied further appellate review on August 2, 2024.  (D. 7-10).

Against that backdrop, the plaintiff commenced this action about 6 months later, on January 31, 2025.  (D. 1).  Like both state court matters, the complaint seeks relief and damages based on the plaintiff's November 2019 visit to Tufts.  The complaint names as defendants the exact same defendants in the second state court action and asserts claims for medical fraud, false imprisonment, intentional infliction of emotional distress, violation of her Fourth Amendment rights under 42 U.S.C. § 1983, failure to train and supervise, failure to discipline, violation of the Civil Rights Act of 1964 under 42 U.S.C. § 1981, violation

of the Americans with Disabilities Act, and a claim for assault, battery and general negligence.[2]  *Id.*

## III. <u>Legal Standard</u>

Tufts argues that the case should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  "When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first."  *Northeast Erectors Ass'n v. Sec'y of Lab.*, 62 F.3d 37, 39 (1st Cir. 1995).

When considering a motion to dismiss for lack of subject matter jurisdiction, the party invoking the jurisdiction of a federal court "carries the burden of proving its existence."  *Muniz v. Miller*, No. 23-cv-11075-DJC, 2024 WL 624827, at *1 (D. Mass. Feb. 14, 2024).  If a party seeking to invoke federal jurisdiction fails to show the basis for that jurisdiction, the court must grant the motion to dismiss.  *Murphy v. Bernier*, 735 F.Supp.3d 55, 59-60 (D. Mass. 2024).

---

[2] It bears noting that the proposed amended complaint essentially serves to reduce the scope of the asserted claims.  It withdraws the claims of medical fraud, false imprisonment, and assault, battery and general negligence, while adding a section 1983 claim that appears to allege a violation of the plaintiff's Fourth, Eighth, and Fourteenth Amendment rights based on the improper modification of the plaintiff's health records.  (D. 13).

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court must "construe the complaint liberally, treat[] all well-pleaded facts as true and indulg[e] all reasonable inferences in favor of the plaintiff."  *Aversa v. United States*, 99 F.3d 1200, 1209-10 (1st Cir. 1996).  However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As explained below, the complaint is subject to summary dismissal for at least three reasons:  (1) the court lacks subject matter jurisdiction to hear the plaintiff's claims; (2) even if it did have jurisdiction, the claims are barred under the doctrine of res judicata; and (3) the claims would in any event be time barred.

## IV.   **Discussion**

### A. **Subject Matter Jurisdiction**

Under the *Rooker-Feldman* doctrine, a district court may not exercise jurisdiction "over any action that is effectively or substantially an appeal from a state court's judgment."  *Badillo-Santiago v. Naveira-Merly*, 378 F.3d 1, 6 (1st Cir. 2004).  The doctrine's rationale flows from the premise that the only federal court with the authority to review a final state-court judgment (outside of the habeas context) is the Supreme Court.  *Lance v. Dennis*, 546 U.S. 459, 463 (2006); *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 292 n.8 (2005).

5

The doctrine applies to "(1) a party who lost in a [final] state-court judgment that (2) was rendered before the federal action commenced, where (3) the party complains of injuries caused by the state-court judgment and (4) invites district court review and rejection of those judgments." *DuLaurence v. Telegen*, 94 F. Supp. 3d 73, 79 (D. Mass. 2015). In this regard, a claim need not directly assert that it is attempting to appeal or attack a state court decision in order to fall within the scope of the *Rooker-Feldman* doctrine. *Id.* at 80. Rather, *Rooker-Feldman* "forecloses lower federal court jurisdiction where the issues in the case are 'inextricably intertwined' with controversies adjudicated by a state court." *Vazquez v. Reo Properties Corp. (In re Vazquez)*, 467 B.R. 550, 553 (Bankr. D.P.R. 2012). Claims are "inextricably intertwined . . . if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Id.* at 553 (citing *Sheehan v. Marr*, 207 F.3d 35, 39-40 (1st Cir. 2000)).

The present case falls squarely within *Rooker-Feldman*'s purview: the plaintiff lost in a final state court judgment where the superior court dismissed her complaint with prejudice on claim preclusion grounds and the MAC and SJC affirmed the dismissal, all of which took place several months before the plaintiff commenced this action. True, the plaintiff does not ostensibly ask the court to overturn or nullify the adverse state court judgment, but

6

*Rooker-Feldman* still applies with force where this court would have to find that the superior court, MAC, and SJC wrongly disposed of the case in order to permit the plaintiff to litigate her claims.  Similarly, while the federal complaint may assert some claims different from those asserted in the prior state action, *Rooker-Feldman* "is about substance, not form."  *See Wilson v. Shumway*, 264 F.3d 120 (1st Cir. 2001) (finding *Rooker-Feldman* applicable to plaintiff's section 1983 and ADA claims).  In that vein, it is clear that regardless of the specific claims asserted, the plaintiff seeks to litigate anew the events of November 24 and 25, 2019.  Accordingly, the court finds that it lacks subject matter jurisdiction to hear the plaintiff's claims and will therefore dismiss the complaint.  *See e.g.*, *Tyler v. Supreme Judicial Court of Massachusetts*, 914 F.3d 47, 50-52 (1st Cir. 2019) (affirming dismissal for lack of jurisdiction under *Rooker-Feldman* doctrine); *Mulligan v. Vail-Summit Orthopaedics, P.C.*, No. 24-40038-DHH, 2024 WL 5046928, at *3 (D. Mass. Dec. 9, 2024) (same).

### B. <u>Res Judicata</u>

Independently, the complaint's claims are barred by the doctrine of res judicata.  Res judicata precludes a party that has fully litigated a claim on the merits from relitigating that claim in another court.  *See Degiacomo v. City of Quincy*, 476 Mass. 38, 41, 63 N.E.3d 365 (2016) (Res judicata "dictate[s] that an opposing

7

party in a particular action, as well as the court, is entitled to be free from attempts to relitigate the same claim.).

Under Massachusetts law, res judicata includes both claim preclusion and issue preclusion. *Heacock v. Heacock*, 402 Mass. 21, 23 n. 2, 520 N.E.2d 151 (1988). Claim preclusion, which the court finds to be applicable here, "makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action." *Kobrin v. Board of Registration in Medicine*, 444 Mass. 837, 843, 832 N.E.2d 628 (2005) (quoting *O'Neill v. City Manager of Cambridge*, 428 Mass. 257, 259, 700 N.E.2d 530 (1998)). For claim preclusion to apply, the respective parties must be identical or in privity with the parties in the prior action, the causes of action must be the same or arise from the same nucleus of operative facts, and there must have been a final judgment on the merits in the prior action. *Goldstein v. Galvin*, 719 F.3d 16, 23 (1st Cir. 2013).

All of these elements are present here: (1) the parties in this case are identical to the parties in the prior state court action; (2) the causes of action here, while somewhat different from those asserted in state court, undisputedly arise out of the same nucleus of operative facts, namely the events of November 24 and 25, 2019; and (3) there was a final judgment on the merits in the prior action where the superior court dismissed the plaintiff's

8

claims with prejudice and the SJC ultimately affirmed.  It follows that the plaintiff's claims are thus barred by the doctrine of res judicata and may not go forward.

### C. **Untimeliness**

Finally, even assuming the court enjoyed jurisdiction over the plaintiff's claims, and the claims moreover were not barred on claim preclusion grounds, they would still fail because they were not filed within the applicable limitations periods.  A cause of action accrues when a plaintiff knows or reasonably should have known that they were injured as a result of the defendant's conduct.  *See, e.g., Genereux v. American Beryllia Corp.*, 577 F.3d 350, 359-60 (1st Cir. 2009).  Here, the complaint alleges that on November 26, 2019, the plaintiff's "entire back, face and mouth were swollen" to the extent she sought treatment at Boston Medical Center, and she acknowledges that "[t]he November 24-25, 2019, incidents triggered awareness of injuries by November 26, 2019." (D. 6, 21).  This acknowledgment effectively dooms the plaintiff's claims here.

First, the plaintiff's section 1983 and ADA claims are subject to the statute of limitations period for personal injury actions in the state where the claims are brought.  *Nieves v. McSweeney*, 241 F.3d 46, 51 (1st Cir. 2001) (§ 1983); *Downs v. Mass. Bay Transp. Auth.*, 13 F.Supp.2d 130, 136 (D. Mass. 1998) (ADA).  Under Massachusetts law, "actions . . . to recover for personal injuries

. . . shall be commenced only within three years next after the cause of action accrues." M.G.L. c. 260, § 2A. Applied here, this means the claims would need to have been filed by November 26, 2022, to be timely. As the plaintiff did not commence this matter until January 31, 2025, more than two years after the statute of limitations ran, the claims are untimely and would be subject to dismissal.

The plaintiff's section 1981 claim[3] enjoys a longer limitations period but still suffers the same fate. Section 1981 discrimination claims are subject to a four-year statute of limitations beginning when the cause of action accrues. *Garmon v. Nat'l R.R. Passenger Corp.*, 844 F.3d 307, 318 n.8 (1st Cir. 2016); 28 U.S.C. § 1658(a). Because the plaintiff did not assert her section 1981 claim within four years of the cause of action accruing, which is to say by November 26, 2023, the claim would also be time barred.

Finally, the plaintiff's various tort claims are subject to a three-year limitations period and thus would also face dismissal as untimely filed. M.G.L. c. 260, § 2A.

To be sure, the plaintiff argues that her state court cases tolled the limitations period for her federal claims, relying for

---

[3] The section 1981 claim stems from the defendants' alleged refusal to provide the plaintiff with a Mandarin interpreter and discriminatory comments made toward Mandarin interpreters from China while she was hospitalized at Tufts on November 24 and 25, 2019. (D. 1).

support on *Rodriguez-Garcia v. Municipality of Caguas*, 354 F.3d 91, 97 (1st Cir. 2004). However, as the defendants point out, the holding in *Rodriguez-Garcia* was narrow and limited to the interpretation of a rule in Puerto Rico that does not have an analogue in Massachusetts. As the *Rodriguez-Garcia* court expressly stated, "[t]he American common law rule is that generally the filing of a prior judicial action does not toll the statute of limitations. Puerto Rico has chosen a different rule, permitting such tolling. That rule gives rise to this appeal." *Rodriguez-Garcia*, 354 F.3d at 93. The plaintiff's reliance on *Rodriguez-Garcia* is thus unavailing.

Further, the First Circuit has noted that equitable tolling is "the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances." *Delaney v. Matesanz*, 264 F.3d 7, 14 (1st Cir. 2001). "Even where available, equitable tolling is normally appropriate only when circumstances beyond a litigant's control have prevented [her] from filing on time." *Id.* at 15. The plaintiff does contend in that regard that the COVID-19 pandemic, and other factors like her being bedridden and having trouble finding suitable doctors, qualify as "extraordinary circumstances" justifying equitable tolling, but the court does not agree. While not trivializing the plaintiff's particular set of challenges, this is not a case where a plaintiff for reasons beyond her control failed to file claims

timely.  Indeed, the plaintiff *did* timely file these claims (or variations of them), and twice at that.  What is sought here is simply a third bite at the apple.  That is not warranted on this record.

## V.    Conclusion

In light of the foregoing, the defendant's motion to dismiss the complaint (D. 6) is **GRANTED**; and the plaintiff's motion for leave to file a proposed amended complaint (D. 14) is **DENIED** as futile where it would be subject to dismissal for the same reasons as the original complaint.  All other pending motions will be denied as moot and this case will be dismissed in its entirety.

So Ordered.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  March 27, 2026